DOUGHERTY v. WESTINGHOUSE, CHURCH, KERR & CO. (Supreme Court, Appellate Division, Second Department. January 10, 1908.) Appeal from Trial Term, Westchester County. Action by Anna C. Dougherty, as administratrix of the estate of William J. Dougherty, deceased, against Westinghouse, Church, Kerr & Co., for alleged negligence of the defendant by which the plaintiff's decedent, while an employé of the defendant, was killed.

The defendant was engaged in doing work- as contractor on a railroad terminal being constructed of mason work and iron girders. Its superintendent of the work was Lenahan, the foreman of the iron work was Scott, and the deceased was assistant foreman under him. They worked together, and had a gang of men under them. They were receiving heavy iron girders from trucks when the accident happened. They hoisted the girders one by one, and swung them into place by means of a large derrick with a swinging boom. .It was the usual kind of derrick and rigging used for such purposes. A block and fall was suspended from the upper end of the boom. There was a large iron ball, weighing about 350 pounds, shaped something like a boy's top, with an eye at the top of it and another at the bottom. The top eye was to go on the hook of the block, and the bottom eye on the hook of the chain sling of the load, and in that way the load would be hoisted; its weight being thus on the eyes of this ball. The only reason for having this ball between the block and the load, or at all, is that, when the load is hoisted and taken off, the weight of the said ball carries the block down again for the next load. When the accident happened the ball was not being used in the way mentioned above. It was not suspended by its top eye from the hook of the fall, and the load suspended from its bottom eye by the hook of the chain sling of the load. The load was not suspended from the ball at all, but directly from the hook of the block. The ball had been removed from the hook of the block, and simply lashed by a rope to the side of the block to serve its purpose of carrying the block down after the load was hoisted and taken off. This was done because the foreman (Scott) feared that the eyes of the ball might not be strong enough to bear the unusually heavy weight of the iron girders which were being hoisted, and might give way. While a girder was being hoisted the ball fell down upon the deceased and killed him. The rope which tied or lashed it to the side of the block gave way. One witness testified the rope was "rotten"; but this was only a conclusion, and on further examination he said he did not examine the rope at all after the accident, and never saw it before. The evidence of the only other witness who testified on the subject is that the strands of the rope pulled out and parted. He testified: "It was worn. After it broke, it was all fuzzy and cut, and its strands all separated and worn away." The deceased was present when the ball was lashed to the block. There is testimony that he took physical part in the doing of it, and testimony that he did not. There was plenty of rope present for use by the men. From judgment for plaintiff, defendant appeals. Affirmed. John C. Robinson, for appellant. Thomas J. O'Neill (J. Brownson Ker, on the brief) for respondent. .

PER CURIAM. Judgment and order affirmed, with costs.

GAYNOR, J. (dissenting). The lashing of the ball to the block was a mere ·detail of the work of the men. The ball fell because the rope was not strong enough, i. e., not large enough, or enough of it not used to carry the weight of the ball. This was the negligence of the men and not of the employer, for there was plenty of good and suitable rope on hand for the men to use; and the foreman has to be considered as a fellow servant. Vogel v. American Bridge Co., 180 N. Y. 373, 73 N. E. 1, 70 L. R. A. 725. That the action is brought under the employer's liability act does not change the case. That act does not make the employer liable for every negligence of a superintendent (if we consider Scott, the foreman in charge of hoisting the girders, a superintendent), but only for his negligence in acts of superintendence (Laws 1902, p. 1748, c. 600, § 1, subd. 2), as distinguished from his acts as a workman in doing the details of the work (Hope v. Scranton & Lehigh Coal Co., 120 App. Div. 595, 105 N. Y. Supp. 372). The person who does the act may be a superintendent, and yet the act may not be one of superintendence. The judgment should be reversed.